## PEOPLE OF PORTO RICO *v.* RAMOS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 390.   Submitted February 25, 1914.—Decided March 16, 1914.

Immunity of sovereignty from suit without consent does not permit the sovereign to reverse the action invoked by it so that it may come in and go out of court at will without the right of the other party to resist either step.

While Porto Rico may not in ordinary actions be sued without its consent, a voluntary appearance after due consideration and request to be made a party by the Attorney General on the ground of interest in the controversy, amounts to a consent, and thereafter Porto Rico cannot object to the jurisdiction on account of its immunity as a sovereign. *Porto Rico* v. *Rosaly,* 227 U. S. 270, distinguished.

Where the District Court of the United States for Porto Rico had ju-
risdiction of an action involving title to real estate brought by a
citizen of Porto Rico against a foreign subject, the jurisdiction is not
ousted because Porto Rico becomes, on the application of the Attor-
ney General, the sole party defendant.

*Quære*, whether Porto Rico cannot be made a party defendant without
its consent to an action involving title to real estate claimed to be an
escheat.

THE facts, which involve the immunity of sovereignty
from suit as applied to Porto Rico and the determination
of · what constitutes consent to be sued, are stated in the
opinion.

*Mr. Felix Frankfurter* for plaintiff in error.

*Mr. Frank Antonsanti* and *Mr. Frederick S. Tyler* for
defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the
court. ·

Action in ejectment for certain described lands in
Porto Rico brought by defendant in error, a citizen of
Porto Rico, against Eduardo Wood, a subject of Great
Britain.

Defendant· in error alleged in his complaint that he
was the owner, possessed and entitled to the possession of
the lands and that Wood, claiming that the property
belonged to the estate of Eliza Kortright, of which he was
the duly appointed administrator, without right or title
entered upon the lands and ejected defendant in error
therefrom.    Restitution of the lands was prayed and
damages in the sum of $5000.

The complaint was filed November 12, 1909, and
process duly issued thereon.  On November 19, 1909, the
defendant, Wood, filed a paper entitled "Motion to make
the People of Porto Rico a party defendant and for an

extension of time to plead." It was alleged in the motion that the People of Porto Rico had been declared and adjudged to be the sole heir of Eliza Kortright by an order made by the District Court in and for the Judicial District of San Juan, she having died intestate and without leaving any legal heirs.

That the People of Porto Rico, by virtue of such declaration of heirship, have an interest in the result of the suit and ought to be joined as co-defendants.

That the defendant desired an extension of time to file a demurrer or answer to the complaint, as he might be advised, to the 2nd of December, 1909.

An order was prayed making the People of Porto Rico a party, for service upon them, and that time for pleading be extended.

Subsequently defendant filed an answer denying each and every material allegation of the complaint and prayed a dismissal of the action.

The case, by consent, was subsequently set for trial and a jury empaneled. Thereupon Harvey M. Hutchinson, representing the Attorney General of Porto Rico, petitioned the court for a continuance of the trial for time to enable him to ascertain if the People of Porto Rico. should be made a party defendant to the cause. In pursuance of the petition the court continued the case. Upon the date to which the cause was continued Hutchinson again, as representing the Attorney General of Porto Rico, appeared in behalf of the People of Porto Rico and represented to the court that the People of Porto Rico were interested parties to the action. The court thereupon ordered the People of Porto. Rico to be made a party. The jury was excused, the cause continued and the plaintiff (defendant in error) was "directed to amend his complaint so as to show the People of Porto Rico to be a party defendant."

An amended complaint was filed December 15, 1910.

It alleged the plaintiff to be a citizen of Porto Rico and the defendant "a body politic, created by the Congress of the United States being a citizen thereof." That plaintiff was the owner of a "rustic estate," describing it, and in possession thereof, and that one Eliza Kortright, since deceased, ejected plaintiff therefrom and continued in possession thereof up to her death. That, therefore, her estate was placed under judicial administration under the direction of Eduardo Wood, as judicial administrator, which judicial administration ceased during the month of November, 1910, and the administrator discharged. That, therefore, the defendant, The People of Porto Rico, was adjudged by the District Court of San Juan the only heir to the estate of Eliza Kortright, as she left no heirs. That The People of Porto Rico, as such heir continues to possess the land without right or title thereto, against the will of plaintiff, and to his damage in the sum of $6000, which sum was prayed as rents and profits, together with restitution of the land.

Upon motion of the Attorney General of Porto Rico his name was entered as counsel for The People of Porto Rico and leave granted to file a demurrer.

The demurrer recited that the Attorney General appeared specially for the sole purpose of challenging the jurisdiction of the court in the case and demurred to the amended complaint for the following reasons: (1) Because the suit was one between plaintiff, a citizen of Porto Rico, and The People of Porto Rico as sole defendant, and that both plaintiff and defendant being citizens of Porto Rico within the meaning of the act of Congress conferring jurisdiction on the court, the court had no jurisdiction. (2) Because The People of Porto Rico as a recognized entity, was so far a sovereign as to be exempt from suit at the instance of private individuals.

The demurrer was overruled and on the eleventh of January, 1911, an answer was filed in which defendant in-

sisted and pleaded that it "had such attributes of sovereignty" as exempted it from suit. The rest of the answer denied the allegations of the complaint and set up judgments obtained in two separate suits brought by Eliza Kortright against defendant in error in which it was adjudged against him that she was the owner of the lands sued for by plaintiff in the present action.

The action was tried to a jury which found for plaintiff (defendant in error) and assessed damages at $6000, in accordance with which judgment was entered. A new trial was moved and denied, and this writ of error granted.

But one contention is argued, that is, that the District Court had no jurisdiction to entertain the suit against Porto Rico "without its consent and against its active opposition." *Porto Rico* v. *Rosaly,* 227 U. S. 270, is cited to sustain the contention. It was said in that case that the government "established in Porto Rico is of such a nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent." This case, however, is not within the rule. In that case Porto Rico was a defendant in the first instance. In this case it voluntarily petitioned to be made a party, asserting rights to the property in controversy, and, against the opposition of the plaintiff (defendant in error), it was made a party defendant. And this action was not improvident. Its Attorney General took time to consider. He applied for and obtained a continuance of the case to determine the best course to secure the interests of the People of Porto Rico, whether to assert its rights in the then litigation or attempt to keep them under the immunity of its sovereignty from attack. His decision had the support of substantial reasons. The property came to Porto Rico as an escheat, and came therefore as it was held by Eliza Kortright and Wood. If held in wrong by them, it was held in wrong by it, and the Attorney General may have considered it well worth

while to face the controversy rather than remit it to some other proceeding that the plaintiff might institute, fortified, perhaps, by a decision in his favor. *United States* v. *Lee,* 106 U. S. 196; *Stanley* v. *Schwalby,* 147 U. S. 508. But, whatever his reasons, he certainly asked for time, as we have seen, "to enable him to ascertain if the People of Porto Rico should be made a party defendant" in the cause, and, having been granted the time, he appeared again in the cause and represented to the court that Porto Rico was an interested party to the action, and the court, having heard the arguments of opposing counsel, ordered Porto Rico to be made a party and directed plaintiff to amend his complaint in execution of the order. Porto Rico, therefore, through its Attorney General, not only gave its consent to be a party to the cause but invoked and obtained the ruling of the court against the resistance of the plaintiff to make it a party to the cause.

The complaint having been amended as moved and directed and nearly a year having elapsed, there came a change of view, but the immunity of sovereignty from suit without its consent cannot be carried so far as to permit it to reverse the action invoked by it and to come in and go out of court at its will, the other party having no right of resistance to either step.

In placing our decision upon the consent of Porto Rico to be made a party defendant under the circumstances presented by this case, we do not wish to imply that Porto Rico could not have been made a party without its consent, the property being an escheat. As to that we express no opinion.

There is an assignment of error based on the proposition that by the amendment of the complaint the plaintiff and Porto Rico became the sole parties to the action, and they being citizens of Porto Rico the court lost jurisdiction of it. The proposition is not urged by plaintiff in error in its brief, and if the proposition did not raise a question of

jurisdiction we might pass it without comment. It is, however, enough to say of it that the original defendant Wood was properly sued, he then being a subject of Great Britain and in possession of the land. Porto Rico subsequently becoming a party did not oust the jurisdiction. *Phelps* v. *Oaks,* 117 U. S. 236; *Hardenbergh* v. *Ray,* 151 U. S. 112.

*Judgment affirmed.*