## THE SAO VICENTE.

### TRANSPORTES MARITIMOS DO ESTADO v. T. A. SCOTT CO., Inc.

(Circuit Court of Appeals, Third Circuit. January 9, 1924.)

No. 3024.

1. **International law ☞10—Immunity of sovereign waived by general appearance.**
   A sovereign is considered to have waived its immunity when it has entered litigation with a general appearance and acted for a time in a manner consistent with such an appearance, notwithstanding it attempted to change its attitude after the litigation was under way.

2. **Ambassadors and consuls ☞8—Claim of immunity of sovereign held insufficient.**
   Part of an answer setting up a claim of immunity of a sovereign, signed by claimant's proctor and verified by the Portuguese vice consul general at the port of New York, *held* properly stricken out, in the absence of a showing that the vice consul general was especially authorized by his government to interpose the claim.

3. **Ambassadors and consuls ☞8—Suggestion as to immunity of sovereign must be presented through official channels.**
   The suggestion of immunity of sovereign, presented by the Portuguese minister directly to the court, accompanied by a certificate of the Secretary of State to the effect that the minister whose name is subscribed thereto is duly accredited to this government as envoy extraordinary and minister plenipotentiary of Portugal, *held* properly rejected, in view of a footnote to the Secretary's certificate that "for the contents of the annexed document the department assumes no responsibility," as such a suggestion must be presented through the proper official channels.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Libel by the T. A. Scott Company, Inc., against the steamship Sao Vicente, in which the Transportes Maritimos do Estado claimed the steamship. Decree for libelant, and claimant appeals. On motion to dismiss the appeal. Motion granted.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J., and F. D. Kohler, of New York City, for appellant.

Park & Mattison, of New York City (Henry E. Mattison, of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The question brought here on this appeal, broadly stated, is whether the district court lost its jurisdiction in admiralty on a suggestion of immunity of a foreign sovereign from suit. The general rule exempting a government, sovereign in its attributes, from being sued without its consent is not disputed. Porto Rico v. Rosaly, 227 U. S. 270, 33 Sup. Ct. 352, 57 L. Ed. 507. The real question in the case is whether the sovereign, under the circumstances, gave or withheld its consent.

The steamship Sao Vicente stranded on Packet Rock, Sconticut Point, Massachusetts. She was floated and delivered at New Bedford by the T. A. Scott Company. Later she made her way to New York Harbor where, incurring debts for repairs and supplies and failing to pay them, she was arrested under several libels filed in the District Court of the United States for the Southern District of New York and under this libel filed in the District Court of the United States for the District of New Jersey. Being represented in several suits by the same proctors who pursued in each suit the same line of defense, the proceedings in some of the actions are, in the main, the same, and, to a certain extent, the questions raised are likewise the same. Hence, we refer to the opinion of the Circuit Court of Appeals for the Second Circuit in The Sao Vicente, 281 Fed. 111, for a statement in detail of proceedings which, with the quoted pleadings, are, in a measure, similar, mutatis mutandis, to those in the case at bar.

We shall discuss the law applicable to the proceedings in the order in which they occurred.

On April 11, 1921, the T. A. Scott Company filed a libel in the district court against the steamship Sao Vicente and Transportes Maritimos Do Estado for salvage services. Whatever may be the character of this body, there can be no doubt of the libellant's right to institute suit or of the jurisdiction of the district court initially to entertain suit against it. Nor did the Transportes Maritimos Do Estado question either this right of the libellant or the jurisdiction of the court just then, but appeared by its proctors and filed a claim of ownership in the usual form, concluding with a prayer for leave to defend the action. 281 Fed. 112.

There was nothing said or done to indicate either the fact or purpose of a special appearance. Without doubt the claimant's appearance was general. Pursuant thereto, its proctors proceeded to a stipulation for

costs, and to a stipulation for value in the usual form (281 Fed. 113), upon condition to "abide by all orders of the court, interlocutory and final, and to pay the amount awarded." Whereupon the ship was released from custody and she sailed away.

On June 2, 1921, the claimant changed its proctors. On the same day, its new proctor filed its answer, traversing none of the averments of the libel but raising for the first time the defense that the ship is a Portuguese vessel owned and operated by the Transportes Maritimos Do Estada, which is a department of the Republic of Portugal; that it objects to and protests against the assumption of jurisdiction by the district court in a suit to which the sovereign foreign government has not consented, maintaining that the settlement of the matter in dispute "should be left to the Portuguese consul at the port of New York." 281 Fed. 113.

The answer was verified by Prista, Vice Consul General for the Republic of Portugal at New York.

[1] Exceptions by the libellant to the claimant's answer were sustained by the district court on the ground that the claimant had entered a general appearance, and, having submitted itself to the jurisdiction of the court, it thereby had waived any right to appear specially at that late day for the purpose of attacking its jurisdiction.

We think the court was right on two grounds: First, because a sovereign may waive its immunity, and it is considered to have done so when it has entered litigation with a general appearance and when, as here, it has acted for a time and in a manner entirely consistent with such an appearance. Beers v. Arkansas, 20 How. 527, 15 L. Ed. 991; Clark v. Barnard, 108 U. S. 436, 447, 2 Sup. Ct. 878, 883, 27 L. Ed. 780; Richardson v. Fajardo Sugar Co., 241 U. S. 44, 36 Sup. Ct. 476, 60 L. Ed. 879; Porto Rico v. Rosaly, 227 U. S. 270, 33 Sup. Ct. 352, 57 L. Ed. 507; Porto Rico v. Ramos, 232 U. S. 627, 34 Sup. Ct. 461, 58 L. Ed. 763; Gunter v. Atlantic Coast Line, 200 U. S. 273, 284, 26 Sup. Ct. 252, 50 L. Ed. 477; The Sao Vicente (C. C. A.) 281 Fed. 111. We know of no more orderly way for a foreign government to consent to suit and submit to jurisdiction than by the voluntary act of entering a general appearance, and when this is followed by conduct permissible only under an appearance of that character, the sovereign must be held to have waived its immunity to suit. It will not suffice for it to change its attitude after the litigation is under way, for, as Mr. Justice McKenna, in the Ramos Case, supra, said:

"The immunity of sovereignty from suit without its consent cannot be carried so far as to permit it to reverse the action invoked by it and to come in and go out of court at its will, the other party having no right of resistance to either step."

[2] Second, we think the trial court was right in sustaining the exceptions to the claimant's answer for the added reason that the suggestion of immunity of the sovereign—itself insufficient in substance— was not made through the proper official channels. It was made in the claimant's answer signed by its proctor and verified by the Portuguese Vice Consul General at the port of New York. That the public status of a ship cannot be determined upon the mere suggestion of private

counsel was decided in Ex parte Muir, 254 U. S. 522, 41 Sup. Ct. 185, 65 L. Ed. 383, and that the Consul General of the Republic of Portugal is not competent, merely by virtue of his office, to appear in court and claim immunity for his government was decided in The Sao Vicente, 260 U. S. 151, 43 Sup. Ct. 15, 67 L. Ed. 179, on certiorari to the Circuit Court of Appeals for the Second Circuit, it being the case to which we have made frequent reference. 281 Fed. 111. Lacking competency by virtue of his office to speak for his government, there is nothing in the record which shows that the Vice Consul General was specially authorized by his government to interpose a claim to immunity on its behalf. Therefore, on the record as it stood after the court had, without error, sustained exceptions to the claimant's answer by striking out the abortive suggestion of immunity of a sovereign, the claimant remained on the record in the situation in which it had placed itself by its general appearance. Thereupon, the court entered an interlocutory decree and made an order referring the amount of salvage to a special commissioner. Here another substitution of proctors occurred.

The claimant did not introduce before the Commissioner any evidence in opposition to the libellant's claim for salvage services, but presented to him an information, suggestion and petition of the Republic of Portugal for immunity from suit. This, very naturally, the Commissioner refused to accept. From this point the case differs from The Sao Vicente (C. C. A.) 281 Fed. 111.

On January 24, 1923, the Commissioner made a report awarding the libellant $50,000. No exceptions having been filed, the court, on February 20, 1923, affirmed the report and entered a final decree.

[3] On March 2, 1923, the proctor for the claimant left in the office of the clerk of the court an order for the allowance of an appeal and at the same time "left for filing in the office of the said clerk" the information and suggestion previously presented to the Commissioner, signed and verified by His Excellency, Jose d'Alte, Envoy Extraordinary and Minister Plenipotentiary of the Republic of Portugal, objecting to the exercise of jurisdiction by the district court over the Transportes Maritimos Do Estado as an integral part of the sovereign government of Portugal. As this information and suggestion had been signed and verified at Washington more than a month before the date of the final decree, and as it was brought to its attention for the first time ten days after the date of the final decree, the district court refused to regard it as having any bearing on the case. The claimant now maintains that the district court erred in not opening the decree, accepting the suggestion, and yielding its jurisdiction. Without passing upon any question of error involved in the refusal of the court to open the decree and accept the suggestion, it is sufficient to say that, even if the court had done so, it would not have availed the claimant or the Republic of Portugal because the attempted suggestion was not conformable with the practice in such cases in that it was not presented through the proper official channels. Ex parte Muir, 254 U. S. 522, 41 Sup. Ct. 185, 65 L. Ed. 383.

The suggestion in the case at bar was presented by the Portuguese Minister directly to the court. True, it was accompanied by a certificate

of the Secretary of State to the effect that the minister whose name is subscribed thereto is duly accredited to this government as Envoy Extraordinary and Minister Plenipotentiary of Portugal. As the Supreme Court said in The Pesaro, 255 U. S. 216, 41 Sup. Ct. 308, 65 L. Ed. 592, "while that established his diplomatic status it gave no sanction to the suggestion." This is particularly true in view of a footnote to the certificate of the Secretary of State that, "For the contents of the annexed document the department assumes no responsibility." In these circumstances "the libellants' objection that, to be entertained, the suggestion should come through official channels of the United States was well taken." Ex parte Muir, 254 U. S. 522, 41 Sup. Ct. 185, 65 L. Ed. 383; United States v. Lee, 106 U. S. 196, 209; Societa Commerciale Italiana di Nav. v. Maru Nav. Co. (D. C.) 271 Fed. 97; Id. (C. C. A.) 280 Fed. 334, 335.

On these authorities we are of opinion that the suggestion would have been without force had it been accepted by the court. The several acts of the Transportes Maritimos Do Estado, the Portuguese Vice Consul General at the port of New York, and the Portuguese Minister at Washington, being both tardy and without legal sanction, left the claimant where it stood on its general appearance and, therefore, left undisturbed the proceedings which went to final decree.

We find ourselves in full accord with the decision of the Circuit Court of Appeals for the Second Circuit in The Sao Vicente, 281 Fed. 111, in so far as that case resembles this one. Doubtless apprehending the force of that decision, based in part on The Carlo Poma, 255 U. S. 219, 41 Sup. Ct. 309, 65 L. Ed. 594, the appellee moved to dismiss the appeal.

The motion to dismiss the appeal is granted.

BUFFINGTON, Circuit Judge, took no part in this decision.