## UNITED STATES v. VARIOUS ARTICLES OF PERSONAL PROPERTY SEIZED AT PREMISES OF CHARLES L. NOBLE.

District Court, W. D. New York.
June 18, 1935.

Edward L. Cleary, of Rochester, N. Y., for Charles L. Noble.

George L. Grobe, of Buffalo, N. Y. and Joseph Doran, of Rochester, N. Y., for the United States.

RIPPEY, District Judge.

This suit is brought by the government for forfeiture of alcohol, vinegar factory equipment, and other property under authority of the provisions of sections 3213 and 3214 of the Revised Statutes of the United States (26 USCA §§ 142, 143) for fraudulently diverting and using alcohol for purposes other than those allowed by the provisions of Act June 7, 1906, c. 3047, § 1 (26 USCA § 481), without payment of tax thereon as required by the provisions of section 600(a) of the Revenue Act of 1918, as amended (26 USCA § 245). Following the filing of the libel, the owner (Charles Noble) interposed an answer and set up therein, by way of cross-bill, an alleged cause of action for damages of $200,-000 for the alleged unlawful seizure of the property. Procedure here is governed by the admiralty rules. Coffey v. U. S., 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684. Under the admiralty rules (Supreme Court Admiralty Rule 27 (28 USCA following section 723) and Admiralty Rule 32 for the Western District of N. Y.), exceptions were filed by the government to the cross-bill alleging that the court is without jurisdiction to consider the alleged claim set up in the cross-bill.

Chapter 3047, § 2, of the Act of Congress of June 7, 1906 (26 USCA § 485), provides for the penalty to be imposed for the unlawful use of alcohol withdrawn in violation of section 481. In addition to the punishment to be imposed by way of fine and imprisonment, the statute provides that the offender "shall, in addition, forfeit to the United States all personal property used in connection with his business, together with the buildings and lots or parcels of ground constituting the premises on which said unlawful acts are performed or permitted to be performed." Section 3453 of the Revised Statutes (26 USCA § 1185) provides for the seizure of such and other property and for its forfeiture to the United States, and further provides that the proceeding to enforce such forfeiture shall be in the nature of a proceeding in rem in the District Court of the United States for the district where the seizure is made.

In the instant case it is incumbent upon the government to establish that the seizure was lawful. If the government establishes that fact, the property, as between the United States and the owner, becomes the property of the United States to do with as it likes and the owner has no further right to say what shall be done with it or with any proceeds arising from its sale. Harkins v. Williard (C. C. A.) 146 F. 703. The value of the property seized is not important nor material. In the event the government fails to establish that the seizure was lawful, the property seized reverts to the owner. He cannot recover damages arising out of the unlawful seizure by way of affirmative action or cross-bill because the sovereign has not given its consent to any such action. The sovereign is not responsible for the torts of its agents (Bigby v. U. S., 188 U. S. 400, 406, 23 S. Ct. 468, 47 L. Ed. 519), and the only remedy, if any, which an owner may have for damages for an unlawful seizure under the Revenue Laws is against the persons making it. There is no distinction, on questions of jurisdiction, between cross-bills and original bills, and the sovereign cannot be sued on contract or in tort in its own courts without its consent. United States v. Clarke, 8 Pet. 436, 8 L. Ed. 1001; Schillinger v. U. S., 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108; Illinois Central R. Co. v. Public Utilities Commission, 245 U. S. 493, 504, 38 S. Ct. 170, 62 L. Ed. 425; Dexter et al. v. Kunglig Jarnvagsstyrelsen (C. C. A.) 43 F.(2d) 705.

Although the claim of the owner for damages was not pleaded in the cross-bill by way of set-off, the question was raised on the argument as to whether the owner might recover damages to the extent, at least, of the value of the property seized in the event the seizure should be held to be unlawful because of a waiver by the government of immunity to suit through filing the libel.

As a general rule, by instituting a suit in rem, the government waives its immunity from suit against it so far as to allow presentation of a set-off, legal or equitable, to the extent of the demand made or the value of the property claimed but not so far as to allow an affirmative judgment against it unless the set-off is within the classes authorized by statute in which an affirmative cause of action will lie, and opens up for consideration all claims and equities arising in connection with the property that is the subject of the controversy. The Siren, 7 Wall. 152, 19 L. Ed. 129; Luckenbach S. S. Co. v. The Thekla (United States v. The Thekla), 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313; The Gloria (D. C.) 286 F. 188, 189. In actions

in personam, a set-off cannot be allowed unless, by special statute, a suit in the first instance is authorized. Reeside v. Walker, 11 How. 272, 290, 13 L. Ed. 693. In the Reeside Case, among other things, the court said:

"It is well settled, too, that no action of any kind can be sustained against the government itself, for any supposed debt, unless by its own consent, under some special statute allowing it, which is not pretended to exist here. * * *

"The sovereignty of the government not only protects it against suits directly, but against judgments even for cost, when it fails in prosecutions ([United States v. McLemore] 4 How. [286] 288 [11 L. Ed. 977]).

"Such being the settled principle in our system of jurisprudence, it would be derogatory to the courts to allow the principle to be evaded or circumvented. * * *

"To permit a demand in set-off against the government to be proceeded on to judgment against it, would be equivalent to the permission of a suit to be prosecuted against it."

The government waives procedural defects in process by voluntarily appearing and pleading to the merits and time limitations for the commencement of suit by failing to plead affirmatively a statute of limitations as a defense. Munro v. U. S. (D. C.) 10 F. Supp. 412. It waives jurisdictional questions by intervening in a suit between others and setting up its rights; it thereby submits itself and the subject-matter of the controversy to the jurisdiction of the court and is subject to set-off to the value of the property in question but not to an affirmative judgment against it. People of Porto Rico v. Ramos, 232 U. S. 627, 34 S. Ct. 461, 58 L. Ed. 763. However, in the case at bar, the government may file its libel and might answer the cross-bill without waiving its immunity from liability for damages arising in tort. Gunter v. Coast Line, 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477. Either the seizure was lawful or the property goes back to the owner. Waiver, if it exists at all, extends only to the extent of allowing a set-off to the value of the property seized. Its value is immaterial. If the property should go back to the owner, set-off would be impossible. If the government succeeds, the seizure was lawful and the property belongs to the government and there could be no claim by the owner for damages for an unlawful seizure.

The exceptions must be sustained and the cross-bill stricken from the answer, and it is so ordered.