## THE UCAYALI.

### GALBAN LOBO CO., S. A., v. COMPANIA PERUANA DE VAPORES Y DIQUE DEL CALLAO et al.

No. 562.

District Court, E. D. Louisiana, New Orleans Division.

Oct. 13, 1942.

204

Terriberry, Young, Rault & Carroll, of New Orleans, La., for plaintiff.

Monroe & Lemann and Nicholas Callan, all of New Orleans, La., for defendant.

BORAH, District Judge.

The question here is whether or not the respondent and claimant has entered a general appearance, and submitted itself to the jurisdiction of the court, thereby waiving any right to maintain a plea of sovereign immunity.

The following is a statement of the proceedings in the order in which they occurred.

On March 30, 1942, the present libel in rem was filed by libellant against the steamship Ucayali seeking to recover losses and damages growing out of a breach of a contract of carriage between libellant's agent at Callao, Peru, and Compania Peruana de Vapores y Dique del Callao, alleged on information and belief to be the owner of the steamship Ucayali. On the same day admiralty process in rem was issued by the Clerk and on the day following the United States Marshal executed the warrant of arrest and from that day until released on bond the vessel remained under seizure in the custody of the United States Marshal.

In order to relieve proctors representing the vessel from the burden of applying and obtaining an order of court fixing the amount of the bond, proctors for the libellant did, on April 1, 1942, in accordance with usual practice, address a letter to the United States Marshal advising him "that the libellant is agreeable to having the S. S. Ucayali released from seizure upon the posting of a surety release bond in the sum of $60,000.00". The original of this letter was delivered to proctors for the Ucayali.

On April 9, 1942, a sworn claim for the Ucayali was filed by the Republic of Peru, in which it alleged itself to be " * * * the true and bona fide sole owner of the said S. S. Ucayali * * *; wherefore it prays to defend accordingly. The filing of this claim is not a general appearance and is without prejudice to or waiver of all defenses and objections which may be available to respondent and claimant particularly but not exclusively sovereign immunity."

On the same day a surety release bond, dated April 9th, in the amount of $60,-000.00, whereon the Republic of Peru was principal, and the National Surety Company was surety, was filed for the release of the Ucayali. This bond though containing a reservation identical with that contained in the claim was otherwise in the usual form, the condition of the bond being "that if said claimant and surety abide by all the orders interlocutory or final of the court and pay the libelant the amount awarded by final decree rendered in the court to which the process is returnable, or in any appellate court, then the foregoing obligation is to be voided, but otherwise it will remain in full force and effect."

This bond contained a recital that the admiralty warrant had been issued by way of foreign attachment and upon discovery of the error was amended by striking out the words "by process of foreign attachment" and substituting therefor the words "by process in rem".

On April 11, 1942, in accordance with the desire theretofore expressed by proctors for the Republic of Peru, the testimony of Francisco Olsen, master of the Ucayali, was taken on the merits of the case. Before swearing the witness, the following was dictated into the record by proctor for respondent.

"The testimony of Francisco Olsen, the master of the Peruvian Steamship Ucayali, is taken with full reservation and without waiver of all defenses and objections which may be available to respondent and claimant, particularly but not exclusively sovereign immunity; and the appearance of counsel for the Government of Peru and the Steamship Ucayali is for the special purpose only of taking the testimony of the master under the reservation aforesaid."

To which proctor for libellant replied: "I agree to the taking of the testimony of the master by consent at the offices of Messrs. Monroe & Lemann on Saturday, April 11, 1942, and agree to waiving, signing, sealing, certification and filing and all the other formalities provided by the de bene esse statute. I, however, do not agree to any reservation or attempted reservation as to the plea of sovereign immunity or any

other plea that may in fact be waived by the taking of the testimony of the master."

After the witness was sworn and began his testimony, proctor for libellant made the following statement: "I wish to say, on behalf of libelants, that we shall take the position that the testimony of the Captain of the Ucayali and the appearance of counsel is a general appearance and waiver of any plea of sovereign immunity, or any plea connected therewith."

In the direct examination which followed many facts were brought out dealing with the merits of the litigation and through this witness Peru exhibits 1 to 6, inclusive (being charter party on which this libel is based and bills of lading) were offered in evidence. None of these documents contain any reference to the alleged ownership and possession of the Republic of Peru.

On April 18, 1942, prior to the expiration of the return day, the respondent, through its proctors, on ex parte motion obtained the following order from the court:

"On motion of Republic of Peru, respondent and claimant, through its proctors, Monroe & Lemann, who appear herein for the special and limited purpose of presenting this motion and with full reservation and without waiver of any defenses and objection which may be available to mover, particularly but not exclusively, sovereign immunity, and on suggesting to the Court that the return day to answer or otherwise plead to the libel herein expires on April 20th, and on further suggesting to the Court that mover requires an extension of at least twenty (20) days to present fully and adequately its pleas and defenses to said libel, particularly, but not exclusively, the defense of sovereign immunity;

"It Is Ordered that the time to answer or otherwise plead to the libel filed herein be and the same is hereby extended for a period of twenty (20) days from April 20th, 1942.

"New Orleans, La. April 18, 1942.

"(Sgd) A. J. Caillouet
"Judge"

Similar motions, orders and extensions were granted on May 8th and May 29th, 1942.

The suggestion of immunity and motion to dismiss was filed by the United States Attorney on June 29, 1942. A similar motion to dismiss was also filed by the Republic of Peru on June 17, 1942.

The courts have uniformly held that a sovereign may waive its immunity and that it may do this by a general appearance, or by acts or conduct inconsistent with a special appearance entered solely for the purpose of raising a jurisdictional issue, if such acts or conduct spell out a general appearance. Ervin v. Quintanilla, 5 Cir., 99 F.2d 935; The Sao Vicente, 3 Cir., 295 F. 829; Dexter & Carpenter v. Kunglig, 2 Cir., 43 F.2d 705. If as libellant contends, the respondent claimant has entered a general appearance and submitted itself to the jurisdiction of the court, there can be no later assertion of immunity and withdrawal, for as was said in People of Puerto Rico v. Ramos, 232 U.S. 627, 34 S. Ct. 461, 462, 58 L.Ed. 763:

"The immunity of sovereignty from suit without its consent cannot be carried so far as to permit it to reverse the action invoked by it, and to come in and go out of court at its will, the other party having no right of resistance to either step."

In determining whether there has been a general appearance or submission to the jurisdiction, the intent of the pleader is to be determined not by what he says but by the nature of what he does. As was said in Murphy v. Herring-Hall-Marvin Safe Co., C.C., 184 F. 495, 499, "the effect is not to be deduced from what the party may have intended, but from what he did. It is the act which speaks, and not the secret purpose."

Applying the law to the facts and assuming, though not deciding, that respondent's action in claiming and bonding the vessel should be regarded as a special appearance, there is seemingly no escape from the conclusion that respondent entered a general appearance by taking the testimony of the master for use on the trial of the cause on the merits. George Nelson, Master of the Barge Northern No. 30, v. S. S. Munwood,[1] and another case, 1925 A. M. C. 136. See also Clark v. Southern Pacific Co., 5th Cir., 175 F. 122; 6 C.J.S., Appearances, § 1, p. 7, § 13; 4 C.J. pp. 1317, 1318, 1334. And I reach the same conclusion with respect to the ex parte motions for extensions of time within which to answer or otherwise plead, for what the respondent did in each instance was to request an extension of twenty days "to present

---

[1] No opinion for publication.

fully and adequately, its pleas and defenses to said libel, particularly, but not exclusively, the defense of sovereign immunity."

■■ If, as here, the appearance is in effect general, the fact that respondent claimant styles it a special appearance will not change its character. The courts have held that an appearance for any purpose other than questioning the jurisdiction of the court is general and not special, although accompanied by the claim that the appearance is only special, and a defendant appearing specially must, as a general rule, keep out of the court for all other purposes.

The plea of sovereign immunity should be overruled and the sovereign must be held to have waived its immunity to suit, and claimant respondent should be required to answer the libel on the merits.