**CRAIN et al. v. GOVERNMENT OF GUAM.**

**Civ. No. 10.**

District Court of Guam.

May 16, 1951.

E. R. Crain, Finton J. Phelan, Jr., pro se. Knight G. Aulsbrook, Attorney General for Guam, for defendant.

SHRIVER, District Judge.

The question involved in this action is the construction to be placed on Sec. 31 of the Organic Act of Guam, 64 Stat. 392, 48 U.S.C.A. § 1421i which provides: "The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

Sec. 30 of the Organic Act provides that Federal income taxes derived from Guam and certain other taxes "shall be covered into the treasury of Guam * * * and shall be expended for the benefit and government of Guam in accordance with the annual budgets." 48 U.S.C.A. § 1421h.

Sec. 31 was introduced in the House of Representatives by Congressman Miller of Nebraska as an amendment to the Organic Act then under consideration and adopted. Cong. Rec., May 23, 1950, Vol. 96, pp. 7673 and 7674. In response to a question Congressman Miller stated after the adoption of the amendment: There will be no direct payment by the Treasury of this country. The amendment we have just adopted in committee provides that the income-tax laws in force in the United States of America and which may hereafter be in force will be the law over there. That will be of great help in plugging certain loopholes. The people of Guam and a large number of civilians and workers over there on construction work, as well as military personnel, pay no income tax or have no withholding tax. In fact, they are paid a bonus for working there. This will plug that loophole and bring in some money to the United States Treasury.

The Treasury Department has construed Sec. 31 as establishing a territorial tax which sets up a separate income tax system for Guam, a duplicate of the Federal income tax system, 1951–6–13559, I.T. 4046. It would appear to be clear that the effect of Sec. 31 is to create a tax liability on Guam, insofar as the taxpayer is concerned, on the same basis as if he were resi-

dent in the continental United States and that the Government of Guam is entitled to such tax regardless of which government collects it.

The plaintiffs began this class action for a Declaratory judgment holding that:

(1) The Internal Revenue Code of the United States applies to Guam as written.

(2) The unincorporated territory of Guam is, with respect to the United States, a possession.

(3) The Government created by the Organic Act of Guam is a government of limited and express powers.

(4) The Income Tax Laws of the United States are not repealed or suspended by the provisions of the Organic Act of Guam.

(5) The Organic Act of Guam does not create a territorial income tax.

(6) The Government of Guam, its officers, agents and servants be restricted from attempting to collect such alleged territorial income tax.

(7) The Court grant such other and further declaratory relief as within its discretion may be deemed appropriate by it.

The defendant moved to dismiss the complaint upon the grounds that:

(1) It is an improper class action.

(2) Plaintiffs failed to join as indispensable party.

(3) The court lacks jurisdiction over the defendant.

(4) The court lacks jurisdiction over the subject matter.

(5) The complaint fails to state a claim upon which relief can be granted.

In view of the dependence of the Government of Guam on the proceeds of the income tax to meet its budgetory requirements and the public importance of the question, the court has gone further in outlining its views as to the creation of a tax liability than would be required to dispose of the motion to dismiss.

### Discussion.

■ The Government of Guam was established by the Organic Act of Guam, 48 U.S.C.A. § 1421 et seq. Sec. 3 of such Act,

64 Stat. 384, 48 U.S.C.A. § 1421a provides: "Guam is declared to be an unincorporated territory of the United States and the capitol and seat of government thereof shall be located at the city of Agana, Guam. The government of Guam shall have the powers set forth in this chapter and shall have power to sue by such name. The government of Guam shall consist of three branches, executive, legislative, and judicial, and its relations with the Federal Government shall be under the general administrative supervision of the head of such civilian department or agency of the Government of the United States as the President may direct."

It has been held that territorial governments so created are immune from suit without their consent even when the Organic Act provided that they could be sued. People of Porto Rico v. Ramos, 232 U.S. 627, 34 S.Ct. 461, 58 L.Ed. 763; A. J. Tristani Sucrs Inc., v. Buscaglia, 1 Cir., 166 F. 2d 966.

■ The Government of Guam has not consented to this action against it and it is the court's opinion that it is immune from suit without its consent. It follows that the court has no jurisdiction over the defendant.

The purpose of the action is to obtain a declaratory judgment to the effect that the Government of Guam has no authority to impose or collect a tax under the provisions of Sec. 31, *supra,* but that this section must be construed in relationship to other applicable provisions of the United States Internal Revenue Code, 26 U.S.C.A. § 1 et seq.; that any tax imposed by Sec. 31 is the concern of the United States Government and not the Government of Guam. Even assuming that the Government of Guam had waived its immunity from suit, this court could not take jurisdiction. As was stated in Noland v. Westover, 9 Cir., 172 F.2d 614, 615. "The only definite relief asked is for a declaratory judgment, but the statute authorizing the district court to render a declaratory judgment does not authorize its application in controversies in respect of tax problems. 28 U.S.C.A. § 2201; Red Star Yeast and Products Co. v. La Buddle

7 Cir., 83 F.2d 394; Wilson v. Wilson, 4 Cir., 141 F.2d 599.

The court does not consider it necessary to discuss other grounds raised by the motion to dismiss. For the foregoing reasons the complaint is dismissed without leave to amend.