**In re Carl C. WEAVER and Carol A. Weaver, Debtors.**

No. 98–33841.

United States Bankruptcy Court, N.D. Ohio.

Jan. 31, 2000.

Louis J. Yoppolo, Trustee, Toledo, OH.

Michelle T. Sutter, Revenue Recovery Section, Assistant Attorney General, Columbus, OH.

Gordon R. Barry, Toledo, OH, for Debtors.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the State of Ohio's Objections to the Debtors' Motions to Avoid the Liens of the Ohio Department of Taxation, the Ohio Bureau of Employment Services, and the Ohio Bureau of Workers' Compensation pursuant to 11 U.S.C. § 522(f) and 11 U.S.C. § 506(d). In conformity with Bankruptcy Rule 9014, the Court conducted a Hearing on the matter at which time it was agreed that the issues raised in this proceeding involved solely questions of law. Accordingly, the Court took the matter under advisement and permitted the Parties, within established deadlines, to submit briefs in support of their respective positions. Thereafter, within the time frame set by the Court, the State of Ohio submitted a Memorandum in Opposition to the Debtors' Motion to Avoid Liens; however, no response was ever received from the Debtors. The Court has now had the opportunity to review the arguments presented by the State of Ohio, as well as the entire record of the case. Based upon this review, and for the reasons set forth below, the Court finds the Objections lodged by the State of Ohio to be well taken, and therefore the Debtors' Motions to Avoid the Liens against the above-mentioned state agencies will be Dismissed.

### FACTS

The pertinent facts of this case are briefly as follows: On August 31, 1998, the Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, the Debtors filed Motions against the Ohio Department of Taxation, the Ohio Bureau of Employment Services, and the Ohio Bureau of Workers' Compensation to avoid prepetition liens that had been placed against their real property. Timely Objections were subsequently filed by the State of Ohio in response to these Motions. In addition, the Ohio Bureau of Workers' Compensation

filed a proof of claim against the Debtors' bankruptcy estate. In support of its Objections to the Debtors' Motions of lien avoidance, the State of Ohio asserted the following legal arguments:

First, the State of Ohio argues that pursuant to the Eleventh Amendment to the United States Constitution and the Supreme Court's decision of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), this Court, as a federal court, has no jurisdictional authority to hear the Debtors' Motion to avoid its liens. Second, the State of Ohio asserts that even if this Court were to have jurisdiction over the matter, validly placed tax liens, such as those held by the state agencies involved in this proceeding, cannot be avoided under 11 U.S.C. § 522(f) or § 522(d).

### LAW

### Amendment XI of the United States Constitution–Suits Against States

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

### DISCUSSION

■ The Debtors in this case seek to have this Court find that the liens placed upon their real property by the Ohio Department of Taxation, the Ohio Bureau of Employment Services, and the Ohio Bureau of Workers' Compensation are voidable under §§ 522(f)(1)(A) and 506(d) of the Bankruptcy Code. Under 28 U.S.C. § 157(b)(2)(k) determinations concerning the merits of claims brought under these Bankruptcy Code sections are core proceedings, over which this Court has subject matter jurisdiction. In turn, 11 U.S.C. § 106(a) confers upon this Court jurisdiction over any governmental entity involved in a proceeding under § 522(f) or § 506(d), despite an assertion of sovereign

immunity by that governmental entity. Specifically, § 106(a) of the Bankruptcy Code, provides, inter alia, that:

[n]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections... 506... 522... of this title.

In this case, however, the State of Ohio contends that Congress' abrogation of its sovereign immunity under § 106(a) was in violation of the Eleventh Amendment to the United States Constitution.

■ The Eleventh Amendment to the United States Constitution prohibits the federal courts from hearing suits against unconsenting states in federal court which are based upon either diversity of citizenship, or those suits which are brought against an unconsenting state by one of its own citizens as well as by citizens of another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Hans v. Louisiana*, 134 U.S. 1, 18–19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This immunity from suit also extends to any duly created agencies of the state, and thus the state entities involved in the present proceeding are entitled to the protections afforded by the Eleventh Amendment. *Pennhurst State School*, 465 U.S. at 100–01, 104 S.Ct. at 907–08; *Hall v. Medical College of Ohio*, 742 F.2d 299, 302 (6th Cir.1984), *cert. denied*, 469 U.S. 1113, 105 S.Ct. 796, 83 L.Ed.2d 789 (1985). Recently, in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court of the United States had the occasion to address the scope of the Eleventh Amendment as it relates to Congress' authority to abrogate a state's sovereign immunity and held that:

Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties

against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction.

*Id.* at 72–73, 116 S.Ct. 1114 (footnote omitted). In accordance with this decision, this Court, in *Pitts v. Ohio Dep't of Taxation (In re Pitts)*, 241 B.R. 862 (Bankr. N.D.Ohio 1999), found that as the bankruptcy laws of the United States were promulgated pursuant to Congress' law making authority under Article I of the Constitution, the Eleventh Amendment deprived Congress of the authority, under § 106(a) of the Bankruptcy Code, to waive Ohio's sovereign immunity with respect to actions brought to avoid liens under the Bankruptcy Code. However, differentiating the instant case, from this Court's decision in *Pitts*, is the fact that the Ohio Bureau of Workers' Compensation filed a proof of claim, and in *Pitts* this Court specifically left open the question of whether, and under what circumstances, the filing of a proof of claim by a state agency could result in a waiver of that ·agency's Eleventh Amendment rights.

 It is a well established principle of constitutional jurisprudence that a state may voluntarily waive the protections afforded by the Eleventh Amendment and consent to be sued in federal court. *Clark v. Barnard,* 108 U.S. 436, 437–38, 2 S.Ct. 878, 883–84, 27 L.Ed. 780 (1883); *State of Iowa v. Union Asphalt & Roadoils, Inc.,* 409 F.2d 1239 (8th Cir.1969) *citing People of Porto Rico v. Ramos,* 232 U.S. 627, 34 S.Ct. 461, 58 L.Ed. 763 (1914). In the context of a bankruptcy proceeding, § 106(b) of the Bankruptcy Code codifies this principle by stating that:

A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

However, since the Supreme Court's decision in *Seminole Tribe of Florida,* the constitutionality of § 106(b) has been suspect. For example, the Fourth Circuit Court of Appeals recently stated that "[w]hile 11 U.S.C. § 106(b) may correctly describe those actions that, as a matter of constitutional law, constitute a state's waiver of the Eleventh Amendment, it is nevertheless not within Congress' power to abrogate such immunity by 'deeming' [such] a waiver." *Schlossberg v. Maryland, Comptroller of the Treasury (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140, 1146–47 (4th Cir. 1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998). Other courts have reached a similar conclusion, and held that paragraph (b), like paragraph (a), of § 106 constitutes an unconstitutional attempt by Congress to abrogate a state's sovereign immunity. *See, e.g., Michigan Employment Sec. Comm'n (In re C.J. Rogers),* 212 B.R. 265, 270 (E.D.Mich.1997). Nevertheless, in conformity with the well-settled doctrine that a federal court should first dispose of matters on nonconsitutional grounds,[1] the Court finds that it need not address the issue of whether § 106(b) is a constitutionally valid waiver of a state's Eleventh Amendment immunity, as the proof of claim filed by the Ohio Bureau of Workers' Compensation does not, based upon the following analysis, fall within the ambit of the waiver contained in § 106(b).

As stated previously, § 106(b) of the Bankruptcy Code provides that when a

---

1. *See, e.g., Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664, 671 (1985) (prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision); *Clinton v. Jones,* 520 U.S. 681, 690, 117 S.Ct. 1636, 1642, 137 L.Ed.2d 945 (1997) (the principle that premature adjudication of constitutional questions should be avoided is applicable to the entire federal judiciary, not just the Supreme Court).

state files a proof of claim against a debtor, it is deemed to have waived its sovereign immunity with respect to that individual's claim against the state, which arose out of the same "transaction or occurrence" as the state's claim against the individual. The "transaction or occurrence" language used in § 106(b) identically tracks the compulsory counterclaims language contained in Rule 13(a) of the Federal Rules of Civil Procedure,[2] and accordingly, both the Supreme Court of the United States and the Sixth Circuit Court of Appeals have directed that the analysis used to identify compulsory counterclaims under Rule 13(a) should also be used in any analysis under § 106 of the Bankruptcy Code. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181, 191 (1992) (interpreting former § 106(a)); *Brown v. United States (In re Rebel Coal Co. Inc.)*, 944 F.2d 320, 321 (6th Cir.1991).

■ In the Sixth Circuit, to determine whether a claim arises out of the same "transaction or occurrence" for purposes of a compulsory counterclaim under Rule 13(a), a "logical relationship" test is employed. *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir.1991); *French v. Georgia Dep't of Revenue (In re ABEPP Acquisition Corp.)*, 215 B.R. 513, 518 (6th Cir. BAP 1997). Under this test, a court examines the relationship between the claim and the counterclaim and determines whether the essential facts of the various claims are so logically connected, that considerations of judicial economy and fairness dictate that all the issues should be resolved in one lawsuit. *United States v. Aquavella*, 615 F.2d 12, 22 (2nd Cir.1979) (internal citations and quotation marks omitted). However, unlike many circuits which conclude their analysis at this point, the Sixth Circuit Court of Appeals takes a more strin-

gent approach and, in addition to requiring a "logical relationship" between the parties' claims, the Sixth Circuit also requires that the following three conditions be satisfied. First, the issues of fact and law raised by the claim and counterclaim must be largely the same. Second, a court must determine whether res judicata would bar a subsequent suit on the counterclaim if the court were not to take jurisdiction. Finally, the court conducting the analysis must determine whether substantially the same evidence would support or refute both the claim and the counterclaim. *In re Rebel Coal Co. Inc.*, 944 F.2d at 321–22.

■ Upon applying these rules and conditions to the case at bar, the Court cannot find that there exists a sufficient nexus between Ohio's proof of claim and the Debtors' Motion to avoid Ohio's liens so as to be "logically related" under the compulsory counterclaim test set forth by the Sixth Circuit. In fact to the contrary, an action to avoid a lien under § 522(f) stands completely independent and separate from any proof of claim filed by a creditor given the fact that a lienholder is not required to file a proof of claim in order to preserve his lien in bankruptcy, while a debtor can bring an action under § 522(f) without the creditor having first filed a proof of claim. *In re Hoss*, 233 B.R. 684, 686 (W.D.Va.1999) (valid liens generally pass through bankruptcy and are unaffected by debtor's discharge, unless they are avoided under provision of the Bankruptcy Code); *In re Eakin*, 153 B.R. 59, 60 (Bankr.D.Idaho 1993) (valid security interest passes through a bankruptcy filing unaffected even if the lien could have been avoided so long as the lien was not in fact avoided); Fed.R.Bankr.P. 4003(d) (a proceeding to avoid a lien under § 522(f) shall be made by motion). Furthermore, in noncompliance with two of the above requirements set forth by the

**2.** Fed.R.Civ.P. 13(a) states that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."

Sixth Circuit, different issues of fact and law, involving different evidentiary standards, would be raised in pleading the Parties' respective cases against one another. For example, when prosecuting a proof of claim, the validity of the underlying debt is at issue.[3] *See generally, Burger v. Level End Dairy Investors (In re Burger)*, 125 B.R. 894, 902 (Bankr.D.Del. 1991). On the other hand, a debtor seeking to avoid a lien under § 522(f) must establish the existence of the following three elements: (1) the lien to be avoided must be a judicial lien; (2) the debtor must have an interest in the property to which the lien attaches; and (3) the lien must impair an exemption to which the debtor would otherwise be entitled. *In re Bland*, 91 B.R. 421, 422 (Bankr.N.D.Ohio 1988) (citations omitted).[4]

Accordingly, the Court cannot find, based solely upon the proof of claim filed by the Ohio Bureau of Workers' Compensation, that the standards required to waive Ohio's sovereign immunity have been met. Therefore, pursuant to the Eleventh Amendment to the United States Constitution and the Supreme Court's decision in *Seminole Tribe of Florida*, this Court must decline jurisdiction over the Debtors' Motion to Avoid the Liens of the Ohio Department of Taxation, the Ohio Bureau of Employment Services, and the Ohio Bureau of Workers' Compensation. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Debtors' Motions to Avoid the Liens of the Ohio Department of Taxation, the Ohio Bureau of Employment Services, and the Ohio Bureau of Workers' Compensation pursuant to 11 U.S.C. § 522(f) and 11 U.S.C. § 506(d) be, and are hereby, DISMISSED.

---

3. It should be pointed out, however, that a properly filed proof of claim is deemed allowed unless contested. 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) also provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

4. The Court also questions whether § 522(f) is even applicable in this case as § 522(f)(1)(A) only permits a debtor to avoid judicial liens, and authority exists that liens placed by state agencies are statutory in nature. *See, e.g., In re Braxton v. Bureau of Unemployment Compensation Benefits & Allowances*, 224 B.R.

564, 569 (Bkrtcy.W.D.Pa.1998) (holding that a state tax lien was not judicial lien arising from judgment such that it could be avoided in bankruptcy by a Chapter 13 debtor). For example, in a case similar to this, the district court for the Eastern District of Pennsylvania held that a lien placed by the Pennsylvania Bureau of Unemployment Compensation Benefits and Allowances was a statutory lien, and not a judicial lien, and thus the lien could not be avoided pursuant to § 522(f)(1)(A). *Mozingo v. Pennsylvania Dep't of Labor and Indus. Bureau of Unemployment Benefits and Allowances (In re Mozingo)*, 234 B.R. 867, 870–72 (E.D.Pa.1999).