**MARGARET E. HARRIS, Plaintiff**

v.

**UNITED STATES OF AMERICA,
Defendant**

Civil No. 90 - 1954

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

November 8, 1954

*See, also, 125 F. Supp. 536 (same opinion), and p. 170, this volume, for subsequent action in this case*

</div>

DUDLEY, HOFFMAN AND McGOWAN, St. Thomas, Virgin Islands (GEORGE H. T. DUDLEY, St. Thomas, Virgin Is-Islands, of counsel), *for plaintiff*

LEON P. MILLER, U.S. Attorney (CROXTON WILLIAMS, Asst. U. S. Attorney, Charlotte Amalie, St. Thomas, Virgin Islands, of counsel), *for defendant*

MOORE, *Judge*

This matter is before us on a motion to dismiss brought by defendant on the ground that plaintiff fails to state a claim against the defendant upon which relief can be granted.

This is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for injury sustained by the plaintiff on September 19, 1952, while traveling along Trompeter Gade, Queen's Quarter, Charlotte Amalie, one of the public ways in the Municipality of St. Thomas and St. John. The injury is alleged to have occurred as a result of the failure of Donald S. Boreham, Superintendent of Public Works for the Municipality of St. Thomas and St. John, to keep said public way in good repair. For the purpose of this motion the negligence alleged and attributed to Donald S. Boreham must be accepted as true.

Plaintiff brings suit against the United States under the Federal Tort Claims Act on the theory that Donald S. Boreham is an employee of the United States, having been employed by the United States Government as Superintendent of Public Works for the Municipality of St. Thomas and St. John, and that the injury to plaintiff

occurred as a result of the negligence of this employee while acting within the scope of his employment.

Defendant has filed motion to dismiss the complaint on the ground that it fails to state a claim against the United States, in that plaintiff has not alleged any negligence or wrongful act or omission on the part of any officer or employee of the United States acting within the scope of his employment for and on behalf of the United States. Defendant's position is that the Superintendent of Public Works does not supervise the public ways of the Municipality for and on behalf of the United States, but for the Municipality as incidental to his position as Superintendent of Public Works.

The questions before the Court are, therefore:

(1) Is Donald S. Boreham, Superintendent of Public Works for the Municipality of St. Thomas and St. John, a federal employee within the meaning of the Federal Tort Claims Act?

(2) If so, was he acting within the scope of his employment for and on behalf of the United States, or was he acting for and on behalf of the Municipality?

No question is raised as to the jurisdiction of the Court in this matter, it being specifically stated in the Federal Tort Claims Act, 28 U.S.C. § 1346(b), that the District Court of the Virgin Islands, along with other named District Courts, shall have jurisdiction of such civil actions. This section, under which the suit is brought, provides as follows:

"Subject to the provisions of chapter 171 of this title, the district courts, together with the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

(1) Is the Superintendent of Public Works an employee of the Government of the United States?

The plaintiff, who brings this action on the basis that her injury was due to the negligence of an employee of the United States Government, relies on the following facts:

(1) That Donald S. Boreham, Superintendent of Public Works of the Municipality of St. Thomas and St. John, was appointed directly and solely by the United States Secretary of Interior without any local action or approval;

(2) That the said appointment was authorized by Act of the United States Congress, known as the Organic Act of the Virgin Islands; 1936 (§ 23, prec. 1 V.I.C.); 48 U.S.C. § 1405v;

(3) That the Superintendent of Public Works is removable from office only by the United States Secretary of Interior;

(4) That the entire salary of the Superintendent of Public Works is paid by the Federal Government, as authorized by the Organic Act, 48 U.S.C. § 1405v; and that the said employee receives all the customary emoluments of federal employees, such as leave, differential, insurance, etc.;

(5) That the Superintendent of Public Works carries out his duties under Work Orders directly from the Secretary of Interior, with additional directives from the Governor of the Virgin Islands, a representative of the United States Government (see affidavit of Donald S. Boreham);

(6) That the Public Works Department was not set up

by any municipal ordinance and that there is not now and never has been any ordinance passed by the local municipal council specifying the duties of the Superintendent of Public Works;

(7) That the Superintendent of Public Works is under the direct control and supervision of the Federal Government through the Governor of the Virgin Islands and the Secretary of Interior, with whom ultimate control lies;

(8) That the Virgin Islands is an unincorporated territory of the United States and not a sovereign entity.

The United States Attorney for defendant does not deny any of the above facts or that Donald S. Boreham, Superintendent of Public Works, is a federal employee, but maintains that in addition to the duties prescribed by the Secretary of Interior, the Superintendent of Public Works performs certain "local" functions and duties at the request of the local administration and for the benefit of the local government and, further, that the alleged negligence of Donald S. Boreham was within this area of his duties. Therefore, the defendant claims that the Superintendent of Public Works, Donald S. Boreham, was not acting within the scope of his employment for the United States and, consequently, the United States is not liable for plaintiff's injuries under the Federal Tort Claims Act.

■ It is the opinion of the Court that Donald S. Boreham, Superintendent of Public Works, has all of the earmarks and attributes of a federal employee and that he must, therefore, be considered as coming within the meaning of that term as used in the Federal Tort Claims Act. The issues raised by the United States Attorney have to do with the next question.

(2) Was Donald S. Boreham, Superintendent of Public Works for the Municipality of St. Thomas and St. John, acting within the scope of his employment for and on

behalf of the United States, or was he acting for and on behalf of the Municipality?

On the basis of the facts as presented by the plaintiff and outlined under question (1), plaintiff argues that the Superintendent of Public Works in performing duties with respect to the maintenance of the public streets and highways was acting within the scope of his employment, and, that the scope of his employment included functions for the benefit of the Municipality as well as functions for the benefit of the United States, does not deny recovery for his negligence, so long as he was acting "within the scope of his . . . employment" as called for by the statute.

The defendant cites the case of United States v. Holly, 10 Cir., 192 F.2d 221, for support for its contention that the Superintendent of Public Works was not acting within the scope of his employment for and on behalf of the United States. In this case, Mrs. Holly and others brought suit against the United States under the Federal Tort Claims Act for injuries sustained in a motor vehicle collision with a United States owned jeep driven by a member of the Oklahoma National Guard who was employed to take care of United States property assigned to the National Guard. The Court of Appeals for the Tenth Circuit ruled that he was an employee of the United States within the meaning of the Federal Tort Claims Act and held that the United States was liable for injuries caused by his negligence while he was in the performance of his duties for the United States. In analyzing whether the unit caretaker was an employee of the United States within the meaning of the Federal Tort Claims Act, the court pointed out the following facts: the employment of unit caretakers is authorized by United States statute; the compensation for the services of unit caretakers is paid wholly from funds allotted to the

United States Secretary of the Army, and payment is made on United States forms; the compensation paid to unit caretakers who are members of the National Guard is in addition to any pay authorized for members of the Guard; the duties of unit caretakers are generally outlined by United States statute and the Secretary of the Army establishes the exact duties of these caretakers; unit caretakers are employed and discharged by the Secretary of the Army through officers with authority from him; and the duties of unit caretakers are the care and maintenance of Federal property. The court found that there was present "every element necessary to constitute a unit caretaker an employee of the United States." The court further found, 192 F.2d at page 223, that "The fact that under the regulations the caretaker must be a member of the National Guard and perform duties for the state is immaterial. The injuries were caused while the caretaker was in the performance of his duties for the United States, not the state."

Counsel for plaintiff argues that all of the elements as outlined by the court above are present in this case, and, therefore, a case for liability on the part of the United States is established. The United States Attorney argues that the chief element in that case, the fact that the employee was performing duties for the United States, to wit, taking care of United States property, is missing from the case at bar and that that is fatal to recovery under the Federal Tort Claims Act.

The holding of the court in the Holly case, supra, seems to be based on the fact that the employee was performing duties for the United States. The question arises, then, had the accident occurred while the unit caretaker, declared to be a United States employee, was performing duties for the state, would the United States Government have been liable?

83

In 1953 the Court of Appeals for the Third Circuit had a case before it very similar to the Holly case on its facts, except that a member of the District of Columbia National Guard was involved instead of a State Guard. O'Toole v. United States, 206 F.2d 912. In that case the question before the court was: "Was Harrington (the operator of a United States owned tractor and a member of the National Guard of the District of Columbia) an employee of the 'Government' acting within the scope of his employment?" The court stated at the outset, page 914, that "There is no doubt that Harrington was in the service of and performing the work of the District of Columbia National Guard at the time of the collision with the O'Toole car. . . . The disputed question is whether the Guard was in such a relation to the United States as to make Harrington an employee not only of the Guard but of the United States." After analyzing the organization and control of the Guard by the President of the United States, the court concluded, at page 915, that "there is a direct chain of control and command from the President through the Guard's commanding general to the enlisted members of the Guard." And in discussing the difference between States' National Guards and that of the District of Columbia (an incorporated territory), the court, quoting from the testimony of Colonel Nevitt, pointed out, at page 916, that " 'In the States the Governor of the State is at the head of the National Guard except in cases of emergency . . . but here (in the case of the District of Columbia) the Guard is actually a Federal force.' " Further, the court emphasized, writing in italics, that *"Here there is no intervening sovereignty."* The Third Circuit Court of Appeals held that Harrington was an employee of the United States within the Federal Tort Claims Act and stated that "Our holding rests upon

the degree of supervision and control exercised over the District Guard in peacetime by federal authorities."

With this decision before us, we must now inquire into the degree of control and supervision exercised by the Federal Government over the Superintendent of Public Works. As stated earlier in this opinion there is no doubt that Donald S. Boreham, Superintendent of Public Works, is a federal imployee. He is directly appointed by the Secretary of Interior pursuant to United States statute and his duties are prescribed by federal regulations and orders from United States officers. He holds office at the pleasure of the Secretary of Interior and is responsible only to him and to the Governor in so far as the Secretary of Interior delegates his powers to the Governor.

Now, there remains only the question of whether the liability of the Federal Government is relieved by the fact that negligence occurred in the performance or nonperformance by the Superintendent of Public Works of his duties with respect to maintenance of the public streets and highways of the Municipality of St. Thomas and St. John. The United States Attorney contends that the streets and highways are municipal and not federal property and, therefore, when acting with respect to the streets, the Superintendent of Public Works is not acting within the scope of his employment *for* the United States. Counsel for plaintiff argues that the public ways of the Municipality are in a real sense the property of the Federal Government as is all public property of the Territory of the Virgin Islands. Counsel contends that the Virgin Islands being an unincorporated territory of the United States cannot hold any property *against* the United States, but only *for* the United States, and on such terms as permitted by the United States Government. Counsel points out that unincorporated territories, unlike states, are not sovereign bodies and have only such power and rights

as are conferred on them by Congress, and which Congress can withdraw at any time. Therefore, since in a real sense the Virgin Islands belong to the United States, all so-called Virgin Islands property is ultimately controlled and owned by the United States, and the fact that the Virgin Islands Government has been given control of its streets does not mean it has been given actual and outright ownership *against* the United States.

Counsel further contends that all, or practically all, of the duties of the Superintendent of Public Works are *for* the Government of the Virgin Islands, and not for the United States as such, notwithstanding that all of the elements of what constitutes a federal employee occur in this case. If the Government's position were true, then the United States would be free from suit for tortious acts of its federal employees appointed for service in and to the Virgin Islands — contrary to the plain intent of the Federal Tort Claims Act.

The point raised by the United States Attorney with respect to the application of the "loaned servant doctrine" is also answered by the above arguments. There are no cases where the loaned servant doctrine, in connection with the Federal Tort Claims Act, has been applied to unincorporated territories. Attorney for the United States argues that the maintenance of the streets of the Municipality is a local project and responsibility, and the United States is merely "lending" the service of its employee to aid the Municipality in the performance of its own responsibilities.

The Court is, however, of the opinion that the Virgin Islands, being an unincorporated territory of the United States, is not a sovereign with a separate entity from that of the United States and, therefore, what the United States does for the Virgin Islands, or spends for the Virgin Islands, it does for itself. It is not the case

of a sovereign lending to another sovereign, such as a state, but the case of the United States assisting its own territory for which it is responsible until the territory be granted sovereign status.

The theory on which the applicability of the loaned servant doctrine is urged implies that the territory has capacity to be party to a loan agreement with its sovereign. To so hold would be tantamount to finding that there exists a contract between the United States Government and the Territory of the Virgin Islands, the very contention pressed by plaintiff in the previous Harris case against the Municipality, Harris v. Municipality of St. Thomas and St. John, D.C., 2 V.I. 251, 111 F. Supp. 63, which this court refused to uphold. Our opinion in that case was affirmed by the Court of Appeals, 3 Cir., 212 F.2d 323, and our language on that very point was quoted by the said court, to wit:

" 'Neither the Territory nor the Municipality has any inherent power to bargain and agree with its sovereign, and such revocable power as the sovereign may grant can in no sense be considered a contract between them.' " 212 F.2d at page 327.

Since the Municipality has no power to bargain with its sovereign, it cannot be held to have contracted with its sovereign for the services of an employee. Therefore, the loaned servant doctrine is inapplicable where such a relationship as this exists.

■ With respect to whether the employee was acting within the scope of his employment, it needs only to be pointed out that the cases on this question fall into two general classes: (1) those cases which distinguish between private or personal actions of employees and acts for and on behalf of their employers; and (2) those cases which distinguish between authorized and unauthorized acts of employees. The case at bar falls into neither of

the above categories since it is not claimed that Boreham was acting without authority or for his own private ends. It is admitted that the maintenance of the streets was an official authorized duty of the Superintendent of Public Works. Therefore, Donald S. Boreham was acting within the scope of his employment in caring or failing to care for the public ways of the Municipality. This duty was therefore not outside the *scope* of his employment by the United States Government.

The finding of this court is that Donald S. Boreham, Superintendent of Public Works for the Municipality of St. Thomas and St. John, is an employee of the United States, under the control and direction of the United States Government; and that the fact that the scope of his employment included functions for the benefit of the Municipality as well as functions for the benefit of the United States does not deny recovery from the United States, regardless of whether the negligence occurred while acting for the benefit of the United States or the Virgin Islands, so long as he was acting within the scope of his employment. This opinion does not go to the question of whether every municipal employee is a federal employee, but has to do only with an employee who has all of the earmarks of a federal employee and is under the full control of the Federal Government.

Motion to dismiss the United States as party defendant will therefore be denied and order may be drawn in accordance with this opinion.