**MARGARET E. HARRIS, Plaintiff**

v.

**DONALD S. BOREHAM, ELLA BLANCHE BARBEL, and JOHN DOE, Defendants**

**MARGARET E. HARRIS, Plaintiff**

v.

**UNITED STATES, Defendant**

Civil Nos. 355-1952, 90-1954

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

April 6, 1955

*See, also, 130 F. Supp. 533*

*Same case on appeal, see p. 565, this volume*

DUDLEY, HOFFMAN & McGOWAN, St. Thomas, Virgin Islands, (GEO. H. T. DUDLEY, ESQ., of counsel, *for plaintiff*

CROXTON WILLIAMS, ESQ., Asst. United States Attorney, St. Thomas, Virgin Islands, (CARLOS J. TORRES, ESQ., of counsel, San Juan, Puerto Rico), *for defendant Boreham*

MAAS & BAILEY, St. Thomas, Virgin Islands, (WILLIAM H. BAILEY, ESQ., of counsel) *for defendant Barbel*

LEON P. MILLER, ESQ., United States Attorney, St. Thomas, Virgin Islands *for United States*

MOORE, *Judge*

This matter came for hearing with all parties represented by counsel: the plaintiff, Margaret E. Harris by

Dudley, Hoffman and McGowan, Geo. H. T. Dudley, Esquire, of counsel; the defendant, Donald S. Boreham, by Croxton Williams, Esq., and Carlos A. Torres, Jr., Esq., of counsel; the defendant Ella Blanche Barbel by Maas and Bailey, William W. Bailey, Esq., of counsel; and the defendant United States by the United States Attorney, Leon P. Miller, Esquire.

This is an action for damages in the amount of $25,000 for injuries to plaintiff caused by the alleged negligence of the above-named defendants. The plaintiff herein filed two suits arising out of the same set of facts. Originally, suit was filed against the Municipality of St. Thomas and St. John and against Donald S. Boreham, Superintendent of Public Works, and Ella Blanche Barbel, abutting property owner (Civil No. 355-1952). The Municipality moved to be dismissed from that action on the ground that it was not subject to suit for tort claims. The court so ruled, Harris v. Municipality of St. Thomas and St. John, D.C., (2 V.I. 251), 111 F. Supp. 63, dismissing the Municipality from the action and this ruling was affirmed by the Court of Appeals, 3 Cir., 212 F.2d 323 (3 V.I. 502). Plaintiff then filed a separate suit against the United States as the employer of Donald S. Boreham (3 V.I. 76). The United States moved to be dismissed from the action on the grounds that Donald S. Boreham was not acting within the scope of his employment for and on behalf of the United States. The Court found that Donald S. Boreham was in fact an employee of the United States and the fact that his employment included functions for the benefit of the Municipality as well as functions for the benefit of the United States would not deny recovery from the United States if it were proved that its employee were negligent.

Both of these actions then came for hearing and at the trial counsel for plaintiff moved, under Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C., that the two

actions be consolidated and that such consolidation operate as a merger of the actions, thereby permitting a joint judgment against all defendants should plaintiff recover. Counsel pointed out that the United States was being sued by virtue of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and would therefore be liable only if its employee, Donald S. Boreham were negligent. Since it was conceded by the parties that the evidence in both cases would be the same, the Court agreed to hear the cases together, that is, to consolidate them for trial, but reserved decision as to the merger of the cases insofar as a joint judgment may be concerned.

The facts with respect to the accident and injuries suffered by plaintiff were uncontroverted. Plaintiff testified that on the night of September 19, 1952, at about 9:30 p. m., while she was walking along a public way known as Trumpeter Gade, Queens Quarter, in the town of Charlotte Amalie, she fell into a manhole and sustained injuries to her right foot, her great toe and her right knee. Plaintiff's doctor testified that the tendon of the great toe on plaintiff's right foot was completely severed and that an operation was necessary after which the patient's leg was put in a cast for six weeks. Upon removal of the cast patient developed an infection of the wound which required treatment for three months. Patient also developed adhesions of the skin due to patient's keloid tendency. Doctor Anduze concluded that plaintiff will suffer a permanent disability of 15% of the foot due to the toe injury or that the digit itself will be permanently disabled as much as 75%. The doctor also testified that the plaintiff, who is a model, will have a permanent scar on her instep and will be unable to stand in certain positions for periods as long as she was able to before the accident.

As to just how the accident occurred, plaintiff testified that the lighting of that portion of the street was very poor

and that she does not recall seeing the manhole before she tripped on the cover and fell into the hole up to her knee. Plaintiff's theory of recovery is that the manhole cover and the rabbet of the manhole (edge for the lid to rest on) were in defective condition and to have allowed a manhole in a public way to remain in that condition was negligence on the part of the Superintendent of Public Works, a federal officer. The defendants claim that despite the worn condition of the cover that when it is in place in the rabbet that no such accident could have occurred.

Plaintiff introduced the manhole cover in evidence, which cover plainly showed deterioration and decay, especially along the edges. This deterioration of the cover coupled with the worn and chipped rabbet of the manhole on which the cover rested indicates that a defective and possibly dangerous situation existed at that manhole. Plaintiff then introduced witnesses to prove that the condition of the manhole existed or must have existed for a long time and at least six weeks prior to the accident. Nathaniel Wells, who was Assistant Superintendent of Public Works at the time of the accident, testified that the deteriorated condition of the manhole cover as exhibited must have existed at least one year prior to the accident and probably longer. It was also testified to that immediately after the accident the rabbet was repaired and the old cover replaced by the Public Works Department.

At this point plaintiff moved to dismiss defendant Ella Blanche Barbel since the evidence showed that defendant Barbel was not responsible for the maintenance of the manhole in question. It being established that the Barbel property did not tap the salt water system at the Trumpeter Gade manhole but at a manhole on the other side of the property, the Court granted plaintiff's motion to dismiss this defendant.

Having established the defective condition of the man-

hole cover and rabbet at the time of the accident, plaintiff then attempted to attribute its condition to the negligence of Donald S. Boreham, an employee of the United States. Plaintiff put several officers and employees of the Public Works Department on the witness stand, including the Superintendent of Public Works, Donald S. Boreham, the Assistant Superintendent Nathaniel Wells and the Project Supervisor, Joseph A. Gomez, and also introduced in evidence their job description sheets. Of these officers only the Superintendent is a Federal employee, the other officers being employed and paid by the Municipality of St. Thomas and St. John, the local division of government then existing. The testimony of these officers plus the exhibits establish that Donald S. Boreham, was the administrative officer in charge of the Public Works Department, and was charged with a duty to supervise the work of the Department and of his subordinates. It was not his duty to go out and make frequent inspections of manholes. According to his work sheet, that was the duty of the Project Supervisor, who was charged with inspecting manholes and reporting any faulty condition thereof to the Superintendent. It is argued by counsel for plaintiff that since defendant's position as Superintendent involved the supervision of the men under him who were charged with specific ministerial duties, failure to properly supervise their work was negligence on his part. The United States Attorney, on the other hand, argued that a supervisor is not responsible for the negligence of his subordinates unless he had knowledge that the inspector was negligent or doing his job in a negligent fashion. There was no proof that the Project Inspector Gomez was known to be negligent and that, therefore, his supervisor became responsible for his negligence. Nor was any report as to the faulty condition of this Trumpeter Gade manhole ever made to the Superintendent. Counsel for plaintiff argues, however, on

the basis of the Gilroy case, Gilroy v. United States, D.C., 112 F. Supp. 664, that if a dangerous or faulty condition in the streets exists long enough, notice thereof is chargeable to the Superintendent even though his duties are administrative instead of ministerial.

■ ■ The fact that such a condition existed for a long time would, in the Court's opinion, be chargeable to the inspector and not to the supervisor where the latter had no actual notice of same, and no reason to suspect any negligence on the part of the local inspector, and no duty to go behind him and make the inspections. Moreover, while it is conceded that the manhole cover was in a defective condition, there is considerable conflict of testimony as to whether the steel cover was in its proper position over the manhole at the time of the accident. It has not been established by a preponderance of the evidence that the accident was due to the defective condition of the cover and not to the cover being improperly placed over the manhole at the time of the accident. Inspector Gomez testified that the cover while deteriorated was not dangerously so, and that for plaintiff to fall into the manhole, the cover must have been misplaced. The Court feels that whichever one of the two positions is correct, neither is chargeable personally to Donald S. Boreham. For, if the condition of the manhole and its cover were the cause of the accident, that condition would be attributable to the Inspector, a municipal employee. Further, the evidence taken as a whole is insufficient to hold Donald S. Boreham personally liable and if he is not personally negligent, ipso facto the Federal Government is not liable, for Donald S. Boreham is the only federal employee involved. If plaintiff's accident was due to negligence on the part of any one of these employees, it is on the part of Inspector Gomez and the Municipality and the Court has already ruled that the Municipality cannot be sued for such negligence.

Counsel has raised the question of the street being poorly lighted. Trumpeter Gade is a very small side street and, if there was any duty of lighting this street, that duty rested with the Municipality and not with the Superintendent of Public Works.

In view of this opinion, it is unnecessary to go into the question of the merger of the actions or to evaluate the loss of income and other damages sustained by plaintiff.

It is, therefore, the opinion of the Court that judgment should be rendered in favor of Donald S. Boreham and the United States, and order may be drawn in accordance therewith.