## DEBORAH LEE SCHNITZER v. STATE TAX COMMISSION

Lee A. Hansen, Portland, Oregon, represented plaintiff.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiff rendered August 9, 1967.

EDWARD H. HOWELL, Judge.

Plaintiff, a resident of Oregon and a shareholder in a corporation organized and doing business in the territory of Guam, paid certain income taxes to the territorial government. Plaintiff claims she is entitled to a credit against her Oregon income taxes for the amounts paid to Guam. ORS 316.475 allows a credit to residents of the state for income taxes "imposed by and paid to another state or country."

The sole issue is whether Guam is "another state or country" within the meaning of the statute.

Guam, according to 48 USCA § 1421(a), is "an unincorporated territory of the United States." That section also states that the "government of Guam shall consist of three branches, executive, legislative and judicial, and its relations with the federal government shall be under the general administrative supervision

of the head of such civilian department or agency of the government of the United States as the President may direct."

The term "state or country" is not defined in the Oregon tax statutes.[1]

ORS 316.475, granting the credit for taxes paid "another state or country" was originally enacted by Or L 1941, ch 385. In 1947 the tax commission first adopted a regulation interpreting the statute. At that time the commission concluded that the term " 'state or country' includes states, foreign countries, *territories and possessions of the United States,* and territories, possessions and political subdivisions of foreign countries, but does not include the United States." (Emphasis supplied.) Art. 605a-1-a, 1947 Regs.

The tax commission's interpretation of the term "state or country" continued until 1953 when it disappeared from the regulation. Since then the commission's regulations have been silent as to any definition of the term.

■ If the tax commission in 1947 interpreted the term "state or country" to include territories of the United States such interpretation should be just as reasonable and valid at this time as it was then. Moreover, the commission's original interpretation to include territories is supported by *Lummus Company v. Commonwealth Oil Refining Co.,* 195 F Supp 47, (SD NY 1961); *Harris v. Municipality of St. Thomas and St. John,* 111 F Supp 63 (SD Virgin Islands 1953). See also *Clostermann, Exec. v. Schmidt et al,* 215 Or 55, 332 P2d 1036 (1958).

---

[1] ORS 316.010(9) contains a definition of "foreign country" or "foreign government" as any jurisdiction other than one embraced within the United States, and subsection (19) of the same statute defines "United States" as including "the states, the territories of Alaska and Hawaii and the District of Columbia."

The plaintiff is entitled to prevail and the order of the tax commission assessing a deficiency is set aside.