**CONFESORIA NEVIS, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF PUBLIC WORKS, Defendant**

Civil No. 199/87

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 5, 1991

STEDMAN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

GERALD A. SIMMS, ESQ., ASSISTANT ATTORNEY GENERAL, St. Thomas, V.I., *for defendants*

SWAN, *Judge*

## MEMORANDUM OPINION

Plaintiff has filed suit under the local Tort Claim Statute against the Government of the Virgin Islands seeking damages for personal injuries.

## FINDINGS OF FACTS

On September 14, 1985 at approximately 7:30 p.m., plaintiff, a resident of St. Thomas, stepped on a manhole cover on a public sidewalk which flipped over, causing plaintiff to fall into a two foot hole. The manhole is located in the vicinity of the Cathedral Pharmacy adjacent to the Catholic Cathedral on St. Thomas, in downtown Charlotte Amalie which is an area heavily travelled by pedestrians. The testimony discloses that the manhole cover, a piece of medium grade sheet metal weighing about 15 pounds, rested on top of a partially broken rim.

One of plaintiff's witnesses indicated the manhole had been in the same condition since 1981. This witness further claimed to have fallen into the same manhole prior to the incident involving plaintiff. The witness also stated that after he fell, he called the Department of Public Works, "Department" and informed the department's personnel of his mishap. The witness, however, could not recall with whom he spoke nor the time and date when he called the Department.

The Director of the Department's Roads Division testified that in 1981 complaints from residents were not recorded by the Department. The Director further testified that he had personal knowledge of the precarious condition of the particular manhole involved in plaintiff's accident. He claims, however, that his office could not correct the situation, because repairs to the manhole would entail restructuring the entire sidewalk in the particular street block. The Director further stated that the Department was prohibited from undertaking any repairs or corrective construction of the sidewalk, because it is in the Historical District of the island.

163

The evidence also discloses that plaintiff did not break the manhole cover. Rather, when plaintiff stepped upon one end of the manhole cover, the manhole cover flipped over, causing her leg to slide down into the hole. Testimony from both parties' witnesses indicated that the manhole cover was movable, and it rested upon a small structural "rabbet" which had three sides. Nonetheless, defendant asserts the possibility that the manhole cover could have been dislodged by cars traversing over it, thereby creating the precarious situation which led to plaintiff's injuries.

As a direct result of the mishap, plaintiff sustained injuries to her feet, hip, thigh and head. The plaintiff's injuries caused her some loss of earning capacity in addition to pain and suffering, emotional distress, and medical expenses.

## DISCUSSION

Title 31 V.I.C. section 1 instructs the Commissioner of Public Works to:

> ". . . repair and maintain, all Government buildings and grounds, public roads, highways, . . ., and properties of like character;"

The Department of Public Works installed the manhole in the sidewalk. It has a continual duty to maintain the sidewalk and to repair all deficiencies which foreseeably could endanger the travelling public and particularly pedestrians.

The Department has denied responsibility for plaintiff's injuries, asserting that it was never placed on actual or constructive notice of the defective manhole cover. Therefore, says the Department, this case must be dismissed. Lubic v. Travel Service, Inc., 23 V.I. 120, (D.C.V.I. 1988).

■ A municipality must have constructive or actual knowledge of a street or sidewalk in disrepair and reasonable time thereafter in which to rectify the disrepair before it can be liable for injuries to pedestrians. To have constructive notice the problem must exist for such a period of time prior to the accident, and was of such an obvious nature that the Government in the exercise of due care should have discovered the problem and its potential for causing harm. Luberic (supra). If notice was never effectuated, liability does not attach and may not be imposed for the failure of the municipality to maintain the sidewalk in a safe manner. Burber v. City of New Castle, 242, F. Supp. 457 (D.C. Wyo. 1965).

## ACTUAL NOTICE

■ A municipality will be deemed to have actual notice of a defect when the proper authority in the municipality has been expressly informed in writing or by oral complaint of the defect. The municipality may also receive actual notice if the municipality's high echelon employees or agents witness or become aware of the defective conditions.

The Court finds that the Department of Public Works had actual knowledge of the defective manhole. Mr. Leal VanBeverhoudt testified he knew of the defective manhole cover, and he likewise indicated that the department had actual knowledge of its condition. Mr. VanBeverhoudt also acknowledged that he knew of the defective condition of the manhole for years prior to plaintiff's accident. Further, Mr. VanBeverhoudt, as the Director of Roads at the Department, oversees maintenance and repairs of sidewalks and streets in St. Thomas.

■ The Court finds that Mr. VanBeverhoudt is a proper government personnel or a high official in the Department to whom should be conveyed notice of the defective manhole cover. Accordingly, the Court concludes that his personal knowledge of a defective condition is imputed to his employer, the Government of the Virgin Islands. Moreover, the defective condition existed for three years prior to the incident. Therefore, the department had reasonable and ample time within which to repair the defective manhole as well as to become aware of the defective cover upon inspection.

■ A municipality has a duty to use due care to maintain public thoroughfares in a safe condition. Municipalities are held liable for injuries caused by defects, where those defects would have been discovered by their use of due care and by conducting periodic inspections. Of course, the period between inspections which would be deemed reasonable depends upon the surrounding circumstances and the exact location of the defective conditions. Although it is unreasonable to expect that all manholes in St. Thomas would be periodically inspected at the same time intervals, areas which are heavily traversed should receive more frequent inspections than less travelled areas on the Islands. For example, a seldom travelled roadway in the national forest in a rural area would require fewer inspections and a different type of maintenance than would a heavily travelled thoroughfare in an urban area. Husovsky v. United States, 590 F.2d 944 (D.C. Cir. 1978).

The Court takes judicial notice that the particular sidewalk is located in downtown Charlotte Amalie, and the area is heavily travelled by school children, tourists and residents of the island. The inspection period for this area should be more frequent than the area travelled on Hull Bay Estate Road in the Lubic case.

## CONSTRUCTIVE NOTICE

In addressing the issue of constructive notice of a street defect, the Court in City of Jackson v. Locklar, 431 So. 2d 475 (Miss. 1983) says that some factors to be considered on question of defective street, include the length of time the defect has existed, nature or character thereof, publicity of the place where it exists, the amount of travel over the street, and any other factors or circumstances in evidence which tends to show notoriety. The Court contends that the notice issue is the same whether the suit involves a public street or a public sidewalk.

This case closely resembles Harris v. Boreham, 3 V.I. 170, 174 (1955); 3 V.I. 535; 233 F.2d 110 (3rd Cir. 1956) in which the District Court found that a deteriorated manhole cover and chipped rabbet on which the manhole rested was a defective and possibly dangerous situation existed for which a municipality could be held liable. Although the Court dismissed the case against the municipality due to the immunity from tort claims, the Court stated:

"if plaintiff's accident was due to negligence on the part of any one of those employees, it is on the part of the Inspector G. _____ and the municipality . . ." 3 V.I. at 176.

In the instant case, the rabbet on which the manhole rested had only three sides, thus causing the manhole cover to be easily moved by a motor vehicle moving over it. Furthermore, the manhole cover itself weighed only fifteen (15) pounds and was susceptible to easy dislocation. Testimony indicated that the cover was defective for a minimum of three years. The Department's director knew that the area was heavily traversed, he knew that the rabbet was worn on one side, and he knew the manhole cover was light in weight and, therefore, was easily moveable. This Court finds that considering all the facts and circumstances the Department and the Government of the Virgin Islands were placed on real and constructive notice of the dangerous condition existing on the sidewalk of Kronprindens Gade prior to plaintiff's accident.

■ Additionally, the Court finds that the defendant was negligent and breached its duty to the plaintiff and the public in allowing the manhole cover to remain on the sidewalk after it had real and constructive notice of the existing dangerous situation and condition on the public sidewalk. Likewise, the Court finds that the defendant's negligence was the sole and proximate cause of the plaintiff's accident and a result of which she sustained personal injuries (see Restatement (Second) of Torts, section 418, comment b). The Court, therefore, concludes that plaintiff is entitled to damages.

Upon consideration of the memorandums filed by the parties and the above discussion, the defendant's motion to dismiss will be denied, and compensatory damages of Thirteen Thousand Dollars ($13,000.00) and punitive damages of Three Thousand Dollars ($3,000.00) and special damages of Two Hundred and Twenty-Five Dollars ($225.00) will be awarded to plaintiff.

## JUDGMENT

In furtherance of the memorandum opinion of the same date in the above captioned case, it is hereby

ORDERED that judgment is granted to plaintiff and against the defendant Government of the Virgin Islands in the amount of Thirteen Thousand Dollars ($13,000.00) in compensatory damages, Three Thousand Dollars ($3,000.00) in punitive damages, and Two Hundred and Twenty-Five Dollars ($225.00) in special damages.